IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-105-D

| | |
|---|---|
| ANGELINA JEAN WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Angelina Jean Wells ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of her application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions submitted by the parties, the undersigned recommends that Plaintiff's motion be denied, Defendant's motion be granted, and the final decision of the Commissioner be upheld.

## STATEMENT OF THE CASE

Plaintiff protectively filed an application for a period of disability, DIB, and SSI on September 1, 2011 (Tr. 40, 441), alleging disability beginning on or about January 2, 2010 (Tr. 85, 437).[1] The application was denied initially and upon reconsideration, and a request for hearing

---

[1] The date on Plaintiff's DIB application and SSI application differ. Plaintiff alleges disability beginning January 2, 2010, on her DIB application and disability beginning January 1, 2010 on her SSI application. (Tr. 85, 437.) However, the ALJ made a finding that Plaintiff has not engaged in substantial gainful employment activity since January 2, 2010. (Tr. 16.)

was filed. (Tr. 40, 42, 441-42.) On February 27, 2014, a hearing was held before Administrative Law Judge Edward Seery ("ALJ"), who issued an unfavorable ruling on April 24, 2014. (Tr. 21-22, 447.) On June 1, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. 4.) Plaintiff now seeks judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

**II.     Disability Determination**

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*.

**III.    ALJ's Findings**

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since January 2, 2010. (Tr. 16.) Next, the ALJ determined Plaintiff had the following severe impairments: "diabetes mellitus, and obesity." (*Id.*) However, at step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16-17.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had the ability to perform "the full range of medium work." (Tr. 17.) In making this assessment, the ALJ found Plaintiff's statements about the severity of her

3

symptoms not fully credible.  (Tr. 18.)   At step four, the ALJ concluded Plaintiff had the RFC to perform the requirements of her past relevant work as an assembler, cleaner, weaver, and fast food worker.  (Tr. 21.)

## IV.     Plaintiff's Contentions

Plaintiff challenges the Commissioner's final decision denying benefits on two grounds. Plaintiff first contends that the ALJ erred in his finding that Plaintiff had the RFC to perform the demands of medium work.  Second, Plaintiff asserts that the ALJ erred in his credibility determination.

### A.     Residual Functional Capacity

First, Plaintiff contends that Plaintiff is unable to perform a full range of medium work due to her diabetic neuropathy, back pain, and arthritis.  The RFC is an administrative assessment of "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" despite impairments and related symptoms.  SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *see also* 20 C.F.R. § 416.945(a)(1).   In determining the RFC, the ALJ considers an individual's ability to meet the physical, mental, sensory and other requirements of work.  20 C.F.R. § 416.945(a)(4).  It is based upon all relevant evidence and may include the claimant's own description of limitations from alleged symptoms.  SSR 96-8p, 1996 WL 374184, at *5; 20 C.F.R. § 416.945(a)(3).  Finally, the RFC assessment "must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence."  SSR 96-8p, 1996 WL 374184, at *7.

Here, the ALJ found that Plaintiff had the RFC to perform a full range of medium work, stating:

> The claimant is able to lift and carry up to 25 pounds frequently and 50 pounds occasionally, and to stand and walk for up to six hours in an eight-hour workday, and to sit for up to six hours in an eight-hour workday with no postural, manipulative, visual, communicative, or environmental limitations.

(Tr. 17.) Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because she suffers from diabetic neuropathy, back pain, and arthritis, which prevent her from performing the demands of medium work.

The ALJ's RFC finding is supported by substantial evidence. Although Plaintiff's diabetes mellitus is uncontrolled by medication, the evidence in the medical record does not show that she suffers physical effects that would prevent her from performing medium work. Regarding Plaintiff's assertion that she suffers from diabetic neuropathy, on February 3, 2011, the state examining consultant stated in his diagnosis the "[p]ossibility of diabetic neuropathy." (Tr. 285.) On March 23, 2011, Plaintiff's physician stated she suffered from peripheral neuropathy. (Tr. 290.) On February 26, 2014, the most recent record on file, Plaintiff complained of numbness and tingling in her lower extremities, but no diagnosis of diabetic neuropathy was mentioned. (Tr. 428.) While Plaintiff has been diagnosed with diabetic neuropathy, Plaintiff's physicians have not addressed how her physical limitations may be affected. Additionally, at the above appointments, Plaintiff's physical exams appear to be normal except for a limited range of motion in her knee at the consultative examination. (Tr. 285-86, 290-91, 431-32.)

Additionally, the record does not demonstrate physical limitations attributable to back pain or arthritis. On November 26, 2012, February 28, 2013, April 11, 2013, November 7, 2013, and February 26, 2014, Plaintiff had "[n]ormal range of motion, [n]ormal strength, [n]o tenderness, [n]o swelling, [and a] [n]ormal gait." (Tr. 410, 415, 420, 425, 432.) While Plaintiff has been diagnosed with diabetic neuropathy, back pain, and arthritis, the medical record does not demonstrate that her physical limitations prevent her from performing medium work.

5

The ALJ's decision includes a comprehensive discussion of the available medical evidence, and his determination that Plaintiff can perform the demands of the full range of medium work is supported by substantial evidence.

**B.    Credibility**

Plaintiff next contends that the ALJ erred in assessing Plaintiff's credibility.   In assessing a claimant's credibility, the ALJ must follow a two-step process.   First, the ALJ must determine whether the claimant's medically determinable impairments could reasonably cause the alleged symptoms.   *Craig*, 76 F.3d at 594–95.   Next, the ALJ must evaluate the credibility of the claimant's statements regarding those symptoms.   *Id.* at 595.   The Social Security regulations require that an ALJ's decision "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and . . . be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."   SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996).

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

SSR 96-7p, 1996 WL 374186, at *1.   The ALJ must consider the following factors in addition to objective medical evidence when assessing the credibility of an individual's statements:

(1) Claimant's daily activities;
(2) The location, duration, frequency, and intensity of . . . pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) The type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate pain or other symptoms;
(5) Treatment, other than medication, received for relief of pain or other symptoms;
(6) Any measures used to relieve pain or other symptoms; and
(7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

6

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2013); SSR 96-7p, 1996 WL 374186, at *3.

The ALJ's credibility analysis is supported by substantial evidence. In the instant case, the ALJ's credibility analysis concludes that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, and states, "[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 18.) The ALJ then explains:

> The [ALJ] finds that the claimant does not have any significant anatomical structural deformities which might be expected based on the degree of pain alleged. Further, the claimant has not required such aggressive measures for symptom relief as application of TENS equipment, or enrollment in physical therapy or a pain management program. The treatment regimen, therefore, indicates that the claimant's symptoms are not as intractable as alleged. In addition, the medical evidence and observations by the [ALJ] do not reveal any evidence of a change in motor tone or bulk such as disuse atrophy, or other change in body habitus or constitutional appearance such as weight loss, which might be expected in a person whose activities are markedly restricted due to a debilitating disease process. These factors indicate that the claimant's allegations of functional restrictions are not fully credible.

(Tr. 20.) Further, the ALJ thoroughly analyzed the medical record, as well as Plaintiff's testimony, within his decision. Thus, the ALJ properly evaluated Plaintiff's credibility and, based on the evidence of record, determined that Plaintiff's statements concerning her inability to work were not fully credible.

## **CONCLUSION**

For the reasons stated above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings [DE-16] be DENIED, Defendant's Motion for Judgment on the Pleadings [DE-18] be GRANTED and the final decision of the Commissioner be AFFIRMED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **June 20, 2016**, to

file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 1st day of June 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge